NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 13 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE JUAREZ CERVANTES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   14-73873

Agency No. A076-687-254

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2023[**]
San Francisco, California

Before:  WARDLAW, NGUYEN, and KOH, Circuit Judges.

Jose Juarez Cervantes, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an

Immigration Judge's ("IJ") denial of his application for withholding of removal

and relief under the Convention Against Torture ("CAT").  Juarez also appeals the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

BIA's denial of his motion to remand to reopen proceedings. We have jurisdiction under 8 U.S.C. § 1252.[1] We deny the petition.

1. Substantial evidence supports the BIA's conclusion that Juarez is ineligible for withholding of removal because he failed to demonstrate a "clear probability" of persecution on account of a statutorily protected ground. *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021). Juarez first argues that he faced past persecution in Mexico because of the threats and violence experienced by his brother, grandfather, uncles, and cousins in Mexico. Although past persecution "gives rise to a rebuttable presumption of future persecution," *id.* at 1060, Juarez did not make this argument before the BIA, and has therefore forfeited this challenge.[2] *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023) (finding that a petitioner must "specifically and distinctly" raise an argument and support it to raise it on appeal).

Juarez next asserts that he fears future persecution by gangs due to his status

---

[1] Juarez filed this petition for review on December 17, 2014, five days after his reasonable fear proceedings were completed. It was therefore timely. *See Alonso-Juarez v. Garland*, 80 F.4th 1039, 1056 (9th Cir. 2023).

[2] Were we to reach the merits of this argument, this claim would fail. Juarez presented no evidence that he personally experienced past persecution or that the violence perpetrated against his family members was directed against him. *See Sumolang v. Holder*, 723 F.3d 1080, 1083–84 (9th Cir. 2013).

as a member of the social group consisting of his family members. But Juarez provides no "causal nexus between one of [his] statutorily protected characteristics and . . . [his] objectively tenable fear of future harm," *Rodriguez-Zuniga*, 69 F.4th at 1016, because he provides no evidence that the violence perpetrated against his brother, grandfather, uncles, or cousins was on account of their membership in his particular family. Moreover, many of Juarez's family members continue to live in Mexico unharmed, despite their membership in his proposed particular social group. *Sharma*, 9 F.4th at 1066 ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution.").

Lastly, Juarez argues that his membership in "the social group consisting of individuals returning from the United States who are erroneously perceived to be wealthy" puts him at risk "for extortion and harm." But we have held that similarly defined social groups were "too amorphous, overbroad and diffuse" to be cognizable. *Reyes v. Lynch*, 842 F.3d 1125, 1139 (9th Cir. 2016); *see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010).

2. Substantial evidence supports the BIA's conclusion that Juarez did not establish eligibility for CAT protection because he failed to "show that it is more likely than not that [he] will be tortured, and not simply persecuted upon removal." *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (internal quotation marks omitted). Here, Juarez asserts that he will more likely than not be

3

tortured if returned to Mexico because "his close family members have been the victims of torture and suffered harm without recourse or justice from the security forces." However, substantial evidence supports the agency's conclusion that Juarez is not more likely than not to be tortured in Mexico because (1) some of his family members relocated out of Juarez's hometown in Nueva Italia to Guadalajara and have not been harmed; and (2) many of his family members continue to live in Mexico unharmed. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022).

3.  The BIA did not abuse its discretion by denying Juarez's motion to remand to reopen proceedings. "The BIA's regulations state that '[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.'" *Oyeniran v. Holder*, 672 F.3d 800, 808 (9th Cir. 2012) (alteration in original) (quoting 8 C.F.R. § 1003.2(c)(1)). In his motion, Juarez argued that the apparent murder of his cousin, Jose Luis Cervantes Camacho, was new evidence supporting his well-founded fear of persecution based on his family membership. However, Cervantes's death occurred on June 7, 2014—a month before Juarez's July 8, 2014 hearing before the IJ. Although Cervantes's death certificate was not issued until August 2, 2014, Juarez does not explain why he could not have timely offered

4

other evidence of Cervantes's death through testimony or in affidavit form, similar to the evidence he produced to show that his grandfather was killed. Nor was Cervantes's death likely to change the result of the agency's analysis because the agency had already found that Juarez could relocate out of Nueva Italia to another part of Mexico to escape persecution or torture—as some of his family members had already done. *See Sharma*, 9 F.4th at 1066; *Tzompantzi-Salazar*, 32 F.4th at 705.

**PETITION DENIED.**